# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CARLA R. BLUMER,<br>      Appellant, | DOCKET NUMBER<br>CH-315H-14-0579-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>   AFFAIRS,<br>      Agency. | DATE: October 30, 2014 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Carla R. Blumer, Oregon, Wisconsin, pro se.

Jack R. Jakubiak, Esquire, Milwaukee, Wisconsin, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when:  the initial decision contains

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  Effective June 30, 2013, the agency appointed the appellant to a career-conditional position in the competitive service as a GS-06 Medical Reimbursement Technician, subject to her completion of a 1-year probationary period.  Initial Appeal File (IAF), Tab 4 at 7.  By letter dated May 12, 2014, the agency notified the appellant of its decision to terminate her effective May 16, 2014, for failure to meet her performance expectations.  *Id.* at 8-10.

¶3  The appellant filed a Board appeal challenging her probationary termination and requested a hearing.  IAF, Tab 1.  The appellant alleged that she did not receive the required training to "obtain optimal productivity."  *Id.* at 5.  In an acknowledgement order, the administrative judge informed the appellant of the limited Board appeal rights of probationary employees and ordered her to submit evidence or argument to establish why the appeal should not be dismissed for lack of a nonfrivolous allegation of jurisdiction.  IAF, Tab 2.  The appellant did not

file a response to the order. The agency moved to dismiss the appeal for lack of jurisdiction. IAF, Tab 4 at 4-6.

¶4    Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID). The administrative judge found that the appellant did not have the right to appeal her termination because, at the time of her termination, she was a probationary employee with less than 1 year of current continuous service, and she did not allege that the agency discriminated against her based on partisan political reasons or marital status, or that her termination was based on pre-employment matters. ID at 2-3.

¶5    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

## ANALYSIS

The Board need not consider the appellant's arguments regarding the merits of her appeal.

¶6    In her petition for review, the appellant argues the merits of her case, reiterating her argument from below that she did not receive proper training. PFR File, Tab 1; IAF, Tab 1 at 5. However, these arguments are not relevant to the issue currently before the Board—whether the Board has jurisdiction over this appeal. *See Fassett v. U.S. Postal Service*, 76 M.S.P.R. 137, 139 (1997) (arguments on review that address the merits of the agency's removal action, rather than the Board's jurisdiction over the appeal, do not meet the criteria for review).

The administrative judge correctly dismissed the appeal for lack of jurisdiction.

¶7    It is undisputed that, at the time of her termination, the appellant was a probationary employee in the competitive service with less than 1 year of current continuous service. IAF, Tab 1 at 1, 3, Tab 4 at 7. Consequently, the appellant could only bring an appeal of her termination under limited circumstances.

*Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008); 5 C.F.R. §§ 315.805, 315.806.

¶8        As the administrative judge explained, the appellant does not allege any of these circumstances, such as that the agency discriminated against her based on partisan political reasons or marital status, or that her termination was based on pre-employment matters.  ID at 3.  Therefore, the administrative judge correctly found that the Board does not have jurisdiction over this appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and

Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                                William D. Spencer
                                Clerk of the Board

Washington, D.C.